GRIFFIN, J.
Jillian Elisabeth Strogis [“Strogis”] appeals. a final judgment of injunction for protection against repeat violence-no hostile contact. She asserts that the trial court erred by denying her motion to dismiss the petition for injunction for protection against repeat violence because the petition failed to meet the legal requirements of section 784.046(4)(a), Florida Statutes. She also urges that there is not competent, substantial evidence in the record to establish the predicate two acts of violence.
On August 29, 2011, Peter Mutty [“Mutty”], on behalf of his minor child K.A.M., filed a petition for injunction for protection against repeat violence, naming Strogis as the party against whom the protective injunction was sought. Mutty alleged that Strogis had directed at least two incidents of violence against K.A.M., and attached a *260 statement in which he described the alleged incidents of violence.
The facts underlying this proceeding involve long-standing animosity between Strogis and K.A.M. K.A.M., a high school senior, used to date a certain young man that Strogis, a college freshman, now dates. Both predicate acts of violence alleged by K.A.M. involved brief shoving or punching at crowded off-campus parties. The evidence offered at the hearing as to whether the contact was intentional or which of the two young women was the aggressor was in complete conflict. The trial court elected to enter a limited injunction on Mutt/s petition that prohibited only “hostile” contact by Strogis for a period of six months. The injunction expired on March 12, 2012.
First, we find no merit in Strogis’s claim of reversible error based on the legal insufficiency of the petition. As to the second issue, K.A.M.’s testimony was legally sufficient to support the trial court’s decision. Strogis is, in effect, asking this Court to reweigh the evidence, and this we cannot do.
AFFIRMED.
SAWAYA and COHEN, JJ., concur.